UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-00815-FDW-DSC

| | |
|---|---|
| AMELIA HARRIS, )<br>          **Plaintiff,** )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN,[1] )<br>          **Defendant.** )<br>_____) | **ORDER** |

THIS MATTER is before the Court on upon Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Assented Motion to Remand to Social Security Administration (Doc. No. 14). Pursuant to sentence four of 42 U.S.C. section 405(g), this Motion is hereby GRANTED, Defendant's decision is REVERSED, and the cause is REMANDED to Defendant for further administrative proceedings.

Upon remand by this Court, the Appeals Council will remand this matter to the Administrative Law Judge ("ALJ"). Upon remand, the ALJ shall be instructed to: (1) give Plaintiff an opportunity for a new hearing and to obtain additional evidence and (2) obtain medical expert testimony in order to determine the disability onset date and the nature and severity of Plaintiff's impairments.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request to remand this action for further proceedings and with the Plaintiff's consent, this Court hereby:

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing now former Commissioner Michael J. Astrue. Accordingly, Acting Commissioner Colvin now appears instead of former Commissioner Astrue as Defendant in this suit.

(1) REVERSES the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings. See Melkonyan v. Sullivan, 501 U.S. 89 (1991).

(2) The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Motion to Remand (Doc. NO. (7) is GRANTED;

(4) Plaintiff's Motion for Summary Judgment is DENIED as moot.

As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA").

IT IS SO ORDERED.

Signed: November 4, 2013

Frank D. Whitney
Chief United States District Judge